error in the absence of the federal Department of Housing and Urban Development, which guaranteed the note secured by the first security deed. Nothing in OCGA § 9-8-3 requires the joining of all creditors to an action seeking a receiver. Creditors have the right to intervene under OCGA §§ 9-8-5 and 9-8-6. Therefore, the trial court did not err in appointing a temporary receiver in the absence of HUD as a party.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Warlick, Tritt & Stebbins, Charles C. Stebbins III,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Jeffrey W. Kelley, James M. Thomas, James F. Findlay,* for appellee.

S97Y1296, S97Y1297, S97Y1298. IN THE MATTER OF KENNETH ALLEN DUKE.
(490 SE2d 85)

PER CURIAM.

In these three disciplinary matters, the State Bar, following findings of probable cause by the Investigative Panel, properly served Respondent, Kenneth Allen Duke, with Notices of Discipline alleging violations of various professional standards in connection with his representation of three clients. Duke failed to file a Notice of Rejection in the cases, and is, accordingly, in default. Bar Rule 4-208.1 (b).

In each of these cases Duke agreed to handle the client's case, did not perform work for the client, did not respond to the client's queries about the status of the client's case, and did not return the client's file. Also, in each case, Duke failed to refund any unearned fees on the client's request. In addition, Duke failed to file a response to the Notice of Investigation in each case as required by Bar Rule 4-204.3.

We find that Duke's conduct violated the following professional standards of Bar Rule 4-102 (d): 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 5 (false, fraudulent, deceptive or misleading communication about the lawyer or the lawyer's services); 22 (failure to properly withdraw from employment); 23 (failure on withdrawal from employment to promptly refund unearned fees); 44 (wilful abandonment or disregard of a client's legal matter); 45 (using false statements or otherwise engaging in illegal conduct or conduct in violation of disciplinary rules in the representation of a client); 61 (failure to promptly notify a client of the receipt of client funds or property and to promptly deliver the

funds or property to the client); 63 (failure to maintain complete records of client funds or property in the lawyer's possession); 65 (commingling client funds with those of the lawyer); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules). We also conclude that increased discipline is warranted by the following aggravating circumstances: Duke's pattern of misconduct and multiple offenses; his failure to comply with the rules of the disciplinary authorities, and his substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (c), (d), (e), and (I).

Accordingly, Duke is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c) (1) and (2). *Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*William P. Smith III, General Counsel State Bar, Elizabeth W. Morn, Assistant General Counsel State Bar,* for State Bar of Georgia.

## S97A1305. COMBS v. THE STATE.
### (500 SE2d 328)

HINES, Justice.

Willie James Lambert and Teresa Burton were found shot and killed in Lambert's apartment. Dwight Eugene Combs was charged and found guilty of Lambert's malice murder, felony murder while in the commission of aggravated assault, and of possession of a firearm during the commission of murder and possession of a firearm by a convicted felon. Combs challenges the sufficiency of the evidence to support the murder convictions. We affirm.[1]

---

[1] The crimes occurred on March 31, 1994. On May 17, 1994, a Richmond County grand jury indicted Combs for malice murder and felony murder while in the commission of aggravated assault in connection with the shooting of Willie James Lambert, malice murder and felony murder while in the commission of aggravated assault in connection with the shooting of Teresa Burton, and for possession of a firearm during the commission of murder, and possession of a firearm by a convicted felon. Following a bifurcated trial (the possession of firearm by a convicted felon was tried subsequent to the other charges) on July 6-7, 1994, the jury acquitted Combs of the murder charges involving Burton, but found him guilty of Lambert's malice murder and felony murder, and of the possession of firearm charges. On July 13, 1994, Combs was sentenced to life imprisonment for malice murder, five years incarceration to be served consecutively to the life sentence for the possession of a firearm during the commission of murder, and five years incarceration to be served consecutively to both the life sentence and five-year term for possession of a firearm by a convicted felon. The felony murder stood vacated by operation of law under OCGA § 16-1-7. Combs filed a motion for new trial on July 18, 1994, which was denied on March 27, 1997. The notice of appeal